IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES MURRAY, a/k/a
JAMES HINES,

    Plaintiff

v.

SUPREME COURT OF SOUTH CAROLINA,
ET AL.,

    Defendants

CIVIL NO. 3:CV-12-2384

(Judge Conaboy)

FILED
SCRANTON

DEC 0 5 2012

PER_____
DEPUTY CLERK

## MEMORANDUM
### Background

James Murray, a/k/a James Hines, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se civil rights action seeking declaratory relief. Named as Defendants are the Supreme Court for the State of South Carolina and the Pennsylvania State Bar Association. Accompanying the Complaint is a request for leave to proceed in forma pauperis. See Doc. 3.

Plaintiff describes himself as being a jailhouse lawyer who has provided assistnace to other federal prisoners in Pennsylvania, South Carolina and Virginia.[1] According to the Complaint, a August 17, 2012 decision by the South Carolina Supreme Court which denied

---

[1] Murray previously filed multiple pro se actions before this court.

1

Plaintiff's request for authorization to continue to provide "legal services" to fellow inmates in federal prisons without fear of disciplinary and criminal action being taken against him by the Pennsylvania State Bar Association" was improper. Doc. 1, p. 6. His pending action concedes that he is not licensed to practice law in any jurisdiction and has not yet been prosecuted for the unauthorized practice of law.

Murray presently seeks declaratory relief specifically a ruling by this Court that the South Carolina state statute which forbids him to engage in the unauthorized practice of law is unconstitutional and that this Court's ruling to that effect should be given full faith and credit by the Pennsylvania and South Carolina State Bar Associations. See id. at p. 9.

**Discussion**

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not issue if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989), Douris v. Middleton Township, 293 Fed. Appx. 130, 132 (3d Cir. 2008). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d

1277, 1278 (11th Cir. 1990)).

It is well settled that a party may represent his or her own interests in federal court. See Winkelman v. Parma City School District, 127 S.Ct. 1994, 1999 (2007). However, there is an equally well established common law rule that non-attorneys cannot litigate the rights of others. Collinsgru v. Palmyra Board Of Education, 161 F.3d 225, 232 (3d Cir. 1998). Federal courts have repeatedly recognized that a pro se inmate litigant such as Murray simply lacks the capacity to represent the interests of other prisoners. Cahn v. United States, 269 F. Supp.2d 537, 547 (D.N.J. 2003); Caputo v. Fauver, 800 F. Supp 168, 170 (D.N.J. 1992); Osei-Afriye v. Medical College of Pa., 937 F.2d 876, 883 (3d Cir. 1991). It is simply plain error to permit a pro se inmate litigant to represent fellow inmates. Whalen v. Wiley, No. 06- 809, 2007 WL 433340 *2 (D. Col. Feb. 1, 2007).

Accordingly, since a pro se inmate litigant cannot represent and protect the interests of other prisoners fairly and adequately, Plaintiff's sole pending claim that he be permitted permission to do so is subject to dismissal. See Sacaza-Jackson v. Aviles, 2007 WL 38905 *3 (D.N.J. Jan. 4, 2007).[2]

Since Murray's civil rights complaint is "based on an indisputably meritless legal theory," it will be dismissed, without

---

[2] Since Plaintiff's underlying claim is clearly meritless discussion, a discussion as to the additional immunity and jurisdictional issues presented by Murray's action will not be addressed.

prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: DECEMBER 5th, 2012